**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**STEVEN T. FELLMY,**
      **Plaintiff,**

vs.                                     **Case No.  3:05cv30/MCR/MD**

**T. HAMILTON, et al.,**
      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, has filed a civil rights complaint (doc. 1) pursuant to 42 U.S.C. § 1983.  The filing fee has been paid (doc. 4), and the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff is a Kentucky prisoner who is currently incarcerated in Florida pursuant to the Interstate Corrections Compact ("the Compact") adopted by Florida and Kentucky, and the contract between Kentucky and Florida implementing the Compact.  On January 23, 2005 plaintiff filed this lawsuit against officials and staff of the Florida Department of Corrections alleging that they are in violation of the Compact.  Specifically, plaintiff alleges that he is being denied an education, that he is being forced to cut his hair, that he is being denied magazine subscriptions, that he is not being allowed to order personal eyeglasses, that he has been forced to work jobs he does not like, and that he has been denied various personal belongings including his television, compact disc player, hot pot, fan, cooler, jewelry, and compact discs.  Plaintiff argues that he would not be suffering this type of "punishment" if he were incarcerated in Kentucky, and that the application of Florida, rather than Kentucky, prison rules and regulations violates his federal rights arising under the Compact.

Since plaintiff is a prisoner, this court is required to review the complaint as soon as practicable after docketing, and dismiss the action if the complaint is

frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §1915A(b)(1).  A complaint is frivolous under section 1915 "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of plaintiff's complaint, the court concludes that it does not present an actionable claim.  Therefore, dismissal of this action is warranted.

An essential element in any 1983 action is that the complained-of conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 1789, 152, L.Ed.2d 648 (2002). In order for plaintiff to succeed, he must establish either that the Compact is a federal law which can be enforced through 42 U.S.C. § 1983, or that defendants' conduct has deprived him of a right that is protected by the Constitution.  Plaintiff's complaint fails in both regards.

A state compact is transformed into federal law, and thus may be the basis for a § 1983 action, when (1) it falls within the scope of the Constitution's Compact Clause, (2) it has received congressional consent, and (3) its subject matter is appropriate for congressional legislation.  *Cuyler v. Adams*, 449 U.S. 433, 440, 101

S.Ct. 703, 66 L.Ed.2d 741 (1981). Not one federal circuit has found an interstate corrections compact to be federal law. Those federal courts that have addressed the issue have held to the contrary. See *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir. 1998) (Corrections officials' alleged violation of Interstate Corrections Compact could not provide basis for state prisoner's § 1983 action, as compact itself did not constitute federal law; "the Compact's procedures are a purely local concern and there is no federal interest absent some constitutional violation in the treatment of these prisoners."); *Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir. 1991) (Interstate Corrections Compact is not federal law and cannot serve basis for inmate's § 1983 claim because no federal interest exists in a state's transfer of inmates to another state, and because no evidence exists that Congress has approved the Compact); *Halpin v. Simmons*, 33 Fed. Appx. 961, 963-64 (10th Cir. 2002) (Unpublished decision) (Violations of the Interstate Corrections Compact do not constitute violations of federal law and therefore are not actionable under § 1983); *Griffin v. Riveland*, 148 F.R.D. 266, 269 (E.D. Wash. 1993) (Prisoner's § 1983 action predicated upon violations of Western Interstate Corrections Compact dismissed; even if Congress consented to the pact, consent is only one prong of the test for federalization; unlike the Interstate Agreement on Detainers, this compact is not appropriate subject for congressional legislation).[1] Upon review of the *Ghana* and *Stewart* opinions, the undersigned finds the reasoning of the Eighth and Ninth Circuits persuasive, and agrees with their conclusion that the Compact does not amount to federal law because the subject matter of the Compact (the interstate transfer of state prisoners) is not appropriate for congressional legislation. Accordingly, the undersigned concludes that alleged violations of the Compact do not constitute violations of federal law and therefore are not actionable under § 1983.

An alternative argument for plaintiff would be that the Compact creates a liberty interest that is protected by the Due Process Clause of the Fourteenth

---

[1] The only relevant contrary authority is *Opinion of the Justices to the Senate*, 344 Mass. 770, 184 N.E.2d 353, 355-56 (1962). However, that decision is one of the Supreme Judicial Court of Massachusetts, and is not persuasive authority.

Amendment. In a prison setting, state-created interests protected by the Fourteenth Amendment:

> generally will be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (citations omitted). Plaintiff does not contend, nor could this court conclude, that the challenged conditions imposed upon plaintiff pursuant to Florida prison regulations give rise to the protection of the Due Process Clause by its own force. As a general rule, prisoners have no liberty interest or constitutional right to rehabilitation, education or jobs, much less jobs they enjoy. *Lewis v.* Casey, 518 U.S. 343, 383, 116 S.Ct. 2174, 2195 (1996) (inmates have no constitutional right to a legal education); *Adams v. James*, 784 F.2d 1077, 1079 (11th Cir. 1986) (no constitutionally created right to prison employment and compensation); *see also Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991); *Canterino v. Wilson,* 869 F.2d 948, 952-54 (6th Cir. 1989) (inmates have no protected liberty interest in study and/or work programs); *James v. Quinlan*, 866 F.2d 627, 630 (3rd Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Newman v. Alabama,* 559 F.2d 283, 292 (5th Cir. 1977) (no federal constitutional right to a particular job in prison) *Spencer v. Snell*, 626 F.Supp. 1096, 1096 (E.D. Mo.), *aff'd.* 786 F.2d 1171 (8th Cir. 1986). Further, Florida prison officials' application of the challenged regulations instead of Kentucky regulations does not impose an "atypical and significant hardship" on plaintiff "in relation to the ordinary incidents of prison life." Consequently, the Compact does not create a liberty interest protected by the Fourteenth Amendment. *See, e.g., Ghana*, 159 F.3d at 1209 (rejecting argument of New Jersey prisoner incarcerated in Oregon pursuant to ICC that the Compact entitled him to the protections of New Jersey procedural rules in Oregon prison disciplinary hearings; "Ghana does not contend, nor could we hold, that the Oregon procedures . . . were so deficient as to violate due process of their

own accord.  Moreover, application of those procedures by Oregon prison officials instead of New Jersey procedures does not impose an 'atypical and significant hardship.'  This being the case, the Compact does not create a liberty interest protected by the Fourteenth Amendment.").

Accordingly, it is respectfully RECOMMENDED that this cause be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and that the Clerk be directed to close the file.

At Pensacola, Florida this 29th day of March, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**